UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21760-CIV-DIMITROULEAS

WILLIAM SOUTH, individually
and on behalf of all others similarly situated,

    Plaintiff,
v.

PROGRESSIVE SELECT INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 19-21761-CIV-DIMITROULEAS

MICHAEL PARIS, as Personal Representative
of the Estate of HENRY PARIS, JR., deceased,
CHRISTIE HEGEL, and ROLANDO
HERNANDEZ, individually and on behalf of
all other similarly situated,

    Plaintiffs,
v.

PROGRESSIVE AMERICAN INSURANCE
COMPANY, and PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS AND
FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

THIS CAUSE is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement [DE 253] and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards [DE 249]. The Court held a Final Approval Hearing on March 31, 2023, which was attended by counsel for Plaintiffs and Defendants. *See* [DE 255]. The Court has carefully

considered the Motions, Magistrate Judge Becerra's Report and Recommendation [DE 254] recommending that Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards [DE 249] be granted, the argument of counsel, and is otherwise fully advised in the premises.

On January 16, 2023, and March 16, 2023, Plaintiffs, Michael Paris, Christie Hegel, Rolando Hernandez, and William South (collectively, "Plaintiffs") filed their Unopposed Motion for Attorneys' Fees, Costs, and Services Awards [DE 249] and Unopposed Motion for Final Approval of Class Settlement [DE 253], respectively. In support of the Motions, Class Counsel filed a number of supporting declarations to enable the Court to evaluate the fairness, adequacy and reasonableness of the Settlement,[1] as well as the reasonableness of the applications for attorneys' fees, costs, and Service Awards. Following Notice to the Settlement Class, no objections were filed and only five Settlement Class members opted out. On March 31, 2023, the Court held a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated November 15, 2022 [DE 248].

After full consideration of the Motions, all filings related to the Settlement, and the argument of counsel, the Court concludes that this Settlement provides a substantial recovery for the Settlement Class Members and is an excellent result under the circumstances and challenges presented by the actions. Specifically, the Court finds that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Fed. R. Civ. P. 23(e).  Therefore, and as set forth more fully below, the Court: (1) grants Final Approval to the Settlement; (2) appoints Plaintiffs as Class Representatives (3) appoints as Class Counsel the attorneys listed in Paragraph 7 of the Preliminary Approval Order; (4) awards $10,000.00 in Service Awards to each of the Class

---

[1] The capitalized terms in this order shall have the same meanings as those defined in the Settlement Agreement or Final Approval Motion.

Representatives; (5) awards $10,000,000.00 for Class Counsel's attorneys' fees, to be paid separately by the Defendants; (6) awards $480,000.00 for Class Counsel's litigation costs, to be paid separately by the Defendants; (7) directs Class Counsel, Plaintiffs, and Defendants to implement and consummate the Agreement pursuant to its terms and conditions; (8) retains continuing jurisdiction over Plaintiffs, Settlement Class Members, and Defendants to implement, administer and enforce the Settlement and this Final Approval Order; and (9) enters this Final Approval Order dismissing the actions on the merits and with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Settlement [DE 253], certifies the Settlement Class, authorizes the payment of Service Awards to the Class Representatives, awards attorneys' fees and costs to Class Counsel, and enters this Final Approval Order as follows:

### Final Approval of Settlement

1.\. This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over individuals and entities undertaking affirmative obligations under the Settlement.

2.\. This Court hereby approves the Settlement set forth in the Settlement Agreement ("Agreement") and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23(e) and the United States Constitution (including the Due Process Clause), and all other applicable law, including the six factors set forth in *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984).[2] Following the completion of the Notice program required by this Court's Preliminary Approval

---

[2] The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, adequacy, and reasonableness of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

Order, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Agreement.

### Certification of Settlement Class

3. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of:

> All Florida policyholders who were insured (1) by Progressive for auto physical damage coverage for comprehensive or collision loss who suffered a first-party loss of a covered vehicle and made a claim (2) during the time period of (i) as to Progressive American, November 6, 2013 through the date a Preliminary Approval Order is entered or (ii) as to Progressive Select, September 18, 2013 through the date a Preliminary Approval Order is entered, and (3) whose claims were adjusted by Progressive as a Total Loss and resulted in payment by Progressive of a covered claim during the Class Period.

4. The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

5. As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the named Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiffs allege that Defendants have acted on grounds that apply generally to the class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members; and (g) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of the controversy.

## Dismissal, Release, and Notice

6. No one objects to the Settlement and only five Settlement Class members requested exclusion from the Settlement through the opt-out process approved by this Court. Except for the individual claims of those Settlement Class members who duly opted-out of the Settlement Class (identified in **Exhibit A** to this Final Approval Order), this Court hereby dismisses this Action on the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members' Released Claims.

7. In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released all Defendants from claims related to the subject matter of the actions.

8. The Notice program was the best notice practicable under the circumstances. The Notice program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

9. Settlement Class Members who made valid claims shall be entitled to receive the benefits of the Settlement in accordance with the procedures set forth in the Agreement.

10. Having found that the Settlement Class Members have been properly certified and received proper Notice under the Notice program, all Settlement Class Members, other than the five Settlement Class members who opted-out of the Settlement, shall be barred and enjoined from (a) further litigation in the actions and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on an individual or class or collective action basis any action, claim, or proceeding against any Defendant in any forum in which any of the claims

released in the Agreement are asserted or which in any way would prevent any such claims from being extinguished.

11. All Settlement Class Members who remain in the Settlement Class shall be bound by all determinations and judgments in these actions concerning the Settlement whether favorable or unfavorable to the Settlement Class Member.

## Attorneys' Fees, Costs and Service Awards

12. Class Counsel has requested that the Court approve the following separate payments by Defendants to Class Counsel: (a) $10,000,000.00 in attorneys' fees; and (b) $480,000.00 in costs.

13. The Court previously referred the Unopposed Motion for Attorneys' Fees, Costs, and Service Awards to Magistrate Judge Jacqueline Becerra for a Report and Recommendation ("R&R"). *See* [DE 250]. The Court has reviewed the R&R [DE 254] recommending that the Court grant the motion for attorneys' fees, costs, and Service Awards. Specifically, the R&R recommends that Plaintiffs be awarded $10,000,000.00 in attorneys' fees, $480,000.00 in costs and expenses, and a $10,000.00 Service Award to each Class Representative. The Court notes that no objections to the R&R have been filed, and time for such filing has passed.[3] As no timely objections were filed, the Magistrate Judge's factual findings in the R&R [DE 254] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Although no timely objections were filed, the Court has conducted a *de novo* review of the R&R [DE 254], and the record and is otherwise fully advised in the premises. The Court agrees

---

[3] Magistrate Judge Becerra required a shortened objection period. *See* [DE 254].

with the Magistrate Judge's reasoning and conclusions and finds the R&R does not contain clear error.

14. Moreover, Class Counsel's request for separate payment by the Defendants of attorneys' fees is granted as being both appropriate and reasonable under the factors set forth in *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).[4] Further, the payment of attorneys' fees will have no impact on Settlement Class Members' recoveries—and payments to Settlement Class Members are not conditioned on an attorneys' fee award. *See Burrow v. Forjas Taurus S.A.*, No. 16-21606-Civ-TORRES, 2019 WL 4247284, at *9 (S.D. Fla. Sep. 6, 2019) (evaluating Rule 23(e)(2)(C)(iii) and finding significant that fees "are to be paid by the Defendants separately and in addition to the relief granted to the Settlement Class Members" and "was not conditioned on any amount of attorneys' fees being awarded by the Court"). The requested attorneys' fee when compared as a percentage of the amount of the Settlement benefits obtained here is reasonable, considering the excellent results obtained, the nature of the case, and Class Counsel's significant work in this case and experience in litigating class actions. It was necessary for Class Counsel, who undertook representation of named Plaintiffs and the putative class on a purely contingent fee basis, to brief and prevail on numerous dispositive motions, including, but not limited to, motions to stay, transfer, dismiss, class certification, *Daubert*, and summary judgment. Plaintiffs secured voluminous discovery, including spreadsheets with millions of data inputs, retained experts who submitted extensive expert reports concerning key issues, and deposed numerous fact, expert, and third-party witnesses. Prevailing in this case was by no means

---

[4] The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

assured, given the substantial defenses that Defendants raised throughout the litigation. Extensive settlement negotiations occurred between the Parties with an experienced mediator. Defendants are represented by sophisticated counsel, who zealously defended the actions. Notwithstanding, Class Counsel obtained a significant settlement on behalf of the Settlement Class.

15. The requested attorneys' fees here constitute approximately 20% of the amount of the Settlement benefits Class Counsel obtained for the Settlement Class when considering all Settlement Class benefits. This percentage accurately reflects the percentage figures of contingency fees attorneys commonly receive in the Southern District of Florida and the Eleventh Circuit and are within the range of reasonableness discussed in *Camden I*, 946 F.2d at 774-75.

16. The Court finds that costs in the amount of $480,000.00 were reasonably incurred in litigating the actions.

17. The Court also finds that Class Counsel's request for Service Awards to be paid to the Class Representatives is distinguishable from the type of service award prohibited by *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), and thus finds that it is appropriate, and the amount requested is reasonable. As this Court previously explained, state law governs the issue of Service Awards in this diversity action. *Roth v. Geico Gen. Ins. Co.*, No. 16-cv-62942WPD, 2021 U.S. Dist. LEXIS 23105, at *37 (S.D. Fla. Feb. 8, 2021) (citations omitted). Here, Florida law permits providing Service Awards to class representatives. *See Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins. Co.*, 12 So. 3d 850, 857 (Fla. 3d DCA 2009).

18. As such, the Court **ADOPTS AND APPROVES** the Magistrate Judge's Report and Recommendation [DE 254] and **GRANTS** Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards [DE 249]. The Court awards $10,000,000.00 in attorneys' fees and $480,000.00 in costs and expenses. The Court awards a Service Award of $10,000.00 to each Class

Representative.

### Further Matters

19. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Agreement.

20. In the event that the Settlement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Defendants' obligations under the Settlement shall cease to be of any force and effect, and the actions shall be reinstated as they existed prior to the making of the Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

21. Nothing in this Final Approval Order or the Agreement shall be construed as an admission or concession by either Party. Defendants have denied all of Plaintiffs' allegations and continue to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement and this resulting Final Approval Order represent a compromise of disputed allegations.

22. This Action is hereby **DISMISSED** on the merits and **WITH PREJUDICE**, without fees and costs except as expressly provided herein.

23. This case shall remain **CLOSED**.

24. The Clerk is **DIRECTED** to **DENY AS MOOT** any pending motions not addressed in this Final Approval Order and place a copy of this Order in Case No. 19-21761-CIV-WPD *Paris, et al. v. Progressive American Insurance Company, et al.* and Case No. 19-21760-CIV-WPD *South v. Progressive Select Insurance Company.*

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of March, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

## EXHIBIT A
## OPT-OUT LIST

The following individuals opted-out of the Settlement and are not bound by the terms of this Final Approval Order:

1. Anne M. Egan
2. Ricardo R. Suarez
3. Chloe M. Crooks
4. Craig Bennison
5. Genaris G. Haston